## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SHEREE WATERHOUSE,            ) | |
|                   Plaintiff,            ) | |
| vs.            ) | Case Number: |
| CITY OF MANCHESTER/            ) | |
| MANCHESTER POLICE DEPARTMENT, ) | ***Jury Trial Demanded*** |
| and            ) | |
| TIMOTHY WALSH, in his            ) | |
| individual and official capacities,            ) | |
| and            ) | |
| ANDY HIXSON, in his individual            ) | |
| and official capacities,            ) | |
|          Defendants,            ) | |
| Serve at:            ) | |
|     City of Manchester            ) | |
|     14318 Manchester Road            ) | |
|     Manchester, Missouri   63011.            ) | |

## COMPLAINT FOR DAMAGES

### Nature of the Claim

This is an action pursuant to 42 U.S.C. §2000e *et. seq.* -Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 and 1983, and also § 213.010 RSMo. for gender/sex discrimination, disparate treatment and retaliation as against Plaintiff Sheree Waterhouse during her employment with the City of Manchester through the Manchester Police Department.

## Parties and Jurisdiction

1.       Plaintiff Sheree Waterhouse (hereinafter "Sheree") is a resident of the City of Leslie,
Missouri and a citizen of the United States of America.  At all times relevant herein, Sheree was
employed by the City of Manchester, through the Manchester Police Department (hereinafter
"Department"), located in the City of Manchester, County of St. Louis, State of Missouri, and in the
Eastern Division of the Eastern District of Missouri.

2.       Defendant City of Manchester, Missouri (hereinafter "City) is a municipal
corporation organized and existing under the laws of the State of Missouri.

3.       Defendant Timothy Walsh (hereinafter "Walsh") was at all times relevant herein and
still remains the Department's Chief of Police.  Walsh has ultimate supervisory authority over all
facets of the Department.  He is being sued in his individual and official capacities.

4.       Defendant Andy Hixson (hereinafter "Hixson") was at all times relevant herein the
City Administrator for the City of Manchester.   Hixson had ultimate supervisory authority over all
facets of the City of Manchester, to include the Department.  He is being sued in his individual and
official capacities.

5.       The adverse employment actions Sheree suffered as set forth in more detail below
occurred in the City of Manchester, State of Missouri, within the Eastern Division of the Eastern
District of Missouri.

6.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343.
Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide any claims
arising under state law pursuant to 28 U.S.C. §1367.

7.       Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

8.       Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

**Factual Allegations**

9.      All conditions precedent to the institution of this lawsuit has been fulfilled.   Plaintiff

filed a Charge of Discrimination with the United States Equal Employment Opportunity

Commission- St Louis, Missouri Division (hereinafter "EEOC") on May 19, 2016.  A copy of

Plaintiff's Charge of Discrimination (Charge No. 560-2016-00951) is attached hereto and

incorporated by reference herein as Exhibit A.  The EEOC issued its Notice of Right to Sue to

Plaintiff on February 27, 2017, more than 180 days after the filing of the underlying Charges.  A

copy of Sheree's Notice of Right to Sue is attached hereto and incorporated by reference herein as

Exhibit B.  The present action is being brought within ninety (90) days of Plaintiff's receipt of the

Notice of Right to Sue correspondence as generated by the EEOC.

10.      Sheree has been an employee of the Department since February of 1994 as a police

officer.  Sheree was promoted to the rank of Sergeant in 1999.   Until March of 2015, Sheree served

as a patrol supervisor, or to use more common police vernacular- "Road Sergeant".

11.      Throughout her employment, Sheree performed her duties in a satisfactory or

above-level manner.  This would include the 16 plus years Sheree performed as a patrol supervisor.

12.      In September 2011, Sheree was informed via Department publication that the City-

sanctioned promotion process was now open for the position of Lieutenant.  Potential candidates

included Sheree, and two male colleagues, Patrick Milligan and Kermit Lancey.

13.      The above-described promotion process required a series of actions be undertaken

in an objective manner so as to prevent the appearance of favoritism.  The above-described

promotion process is more properly named by the Department as a "Competitive Selection

Process".  Defendant City of Manchester prescribes the protocol for completing this process.

14.     The City Administrator, Andy Hixson, serves as the primary managerial authority for Defendant City of Manchester. This position includes working with other city officials and employees to plan, propose and execute policy.

15.     In this instance, the Department and Chief Walsh deviated from the prescribed protocol for the Competitive Selection Process – the open Lieutenant's position- by changing the testing requirements for the male candidates. As the only female, Sheree was exempted, or excluded, from this benefit. This would include the written examination portion of said process.

16.     Both Patrick Milligan and Kermit Lancey had been recently (within one year) promoted to the rank of Sergeant when they applied for the Lieutenant's position. At the time of the posting, Sheree was in her 12th year of serving as a Sergeant. Sheree was the only female employee serving as a patrol supervisor in September of 2011, and the only female to inquire as to the open Lieutenant's position.

17.     In September of 2011, Sheree inquired as to the Lieutenant's position and her interest in pursuing this promotion. Sheree specifically inquired of Chief Walsh as to this position to which he responded that he already knew who was going to be promoted to Lieutenant even before the Competitive Selection Process was to be completed. Chief Walsh indicated to Sheree that his "friends", Milligan and Lancey, would be promoted. Chief Walsh indicated to Sheree that she wasn't even being considered for the open Lieutenant's position. Both Milligan and Lancey were eventually promoted over Sheree.

18.     Sheree registered her complaint with Chief Walsh regarding the promotion and indicated that she would no longer pursue the promotion based on his comments. Later, Sheree complained to the City Administrator's office, which failed to offer a remedy or response.

4

19.     In response to her initial complaints, Chief Walsh invited Sheree to lunch at Uncle Bill's Pancake House within city limits in an attempt explain his decision to deviate from the Competitive Selection Process.

20.     During their lunch meeting, Chief Walsh expressed reservations regarding promoting Sheree to the position of Lieutenant because he had two close friends applying as well. These two friends were Milligan and Lancey.  Chief Walsh intimated that Sheree wasn't seriously considered for the position.

21.     During their lunch meeting, Chief Walsh drew a diagram of his own version of the Competitive Selection Process on a napkin where he visually expressed those statements highlighted in Facts Nos. 19 & 20 and separated Sheree into her own category because he thought "that best". Chief Walsh then indicated that he thought it for the "best" because he could get along better with his friends in administrative positions, rather than having to deal with Sheree.

22.     Sheree reiterated her complaints with Chief Walsh after the lunch meeting, and specifically with respect to his comments regarding the open Lieutenant's position.  Chief Walsh became angry with Sheree and threatened her with sanctions if she didn't let it go.  Chief Walsh told Sheree that she might have had a chance for the promotion if Milligan and Lancey "fell flat on their faces".  Chief Walsh then informed Sheree that she should not complain about the promotion issue any further and suggested that she go "back to college".  Chief Walsh further stated that Sheree should apply for the position anyway because he "needed some cushion."   Chief Walsh used derogatory and intimidating language during these encounters with Sheree.

23.     Following Sheree's complaints to Chief Walsh with no redress, she involved the City Administrator's Office, including City Administrator, Andy Hixson.

24.     The City Administrator, Andy Hixson, expressed that he was aware of the Chief's decision regarding the Lieutenant's position, but refused to take any action to correct the process.

25.     Chief Walsh engaged in a series of actions designed to punish Sheree for questioning his decisions to deviate from the normal promotion process and for voicing her complaints outside of the Department. Chief Walsh further ordered his staff to assist in these actions, including now- Captain Pat Milligan. This created a hostile working environment that continues to the present day.

26.     Chief Walsh, with the assistance of other superior officers, isolated Sheree from her peers, and otherwise subjected Sheree to disparate treatment and retaliation as follows: (a) not including her in certain meetings; (b) denying her leave and/or training; (c) denying awards for service; (d) precluding overtime or causing the loss of overtime through abrupt schedule changes; (e) changing her supervisor evaluations of subordinates (squad evaluations); (f) changing performance evaluations over trivial matters and in an inappropriate basis; (g) disparaging her via electronic communications; (h) using obscene language towards her when questioned; (i) requiring a daily log sheet, including lunch; (j) changing schedules to preclude consistency; (k) requiring calling to Captain Milligan when arriving for duty; (l) requiring set-up of equipment, to include radar trailer, by herself and without the assistance of another officer; and (m) monitoring personal office space. Other police employees were not subjected to similar treatment.

27.     Again, Sheree complained to Chief Walsh regarding the treatment described more particularly in Fact Nos. 25 & 26 without success. Chief Walsh expressed anger towards Sheree for complaining to him. Chief Walsh further informed her that she would be sanctioned if she continued to complain about the treatment she was receiving on a daily basis. Chief Walsh further cautioned Sheree from involving the City Administrator's office.

28.     Without redress from Chief Walsh and/or the Department, Sheree again requested that the City Administrator, Andy Hixon, investigate her complaints to no avail. Chief Walsh informed Sheree that she apparently violated the chain of command by involving the City Administrator's office in an attempt to dissuade further complaints outside of the Department.

29.     Chief Walsh ordered Sheree removed from patrol duties and thereafter reassigned to the newly created position of COPs coordinator.  This position had no supervisory authority, thus effectively demoting Sheree. Chief Walsh indicated to Sheree that this position would allow him to keep an eye on her. Sheree was required to maintain a log, call in to Captain Milligan, and forfeit yearly overtime and holiday pay as a result of this position change. There was no Competitive Selection Process for this change to the COPs coordinator position. Other positions within the Department, such as DARE, Detective, drug unit and SRO assignments undergo this process.

30.     Upon learning that Sheree had notified the Department, via Captain Milligan, of FMLA leave to care for her dying father (cancer), Chief Walsh personally intervened to prevent the leave or compensation. Sheree was informed that the Chief wasn't "happy" about the leave and that Captain Milligan would only "consider" the request because it might not have been a legitimate qualifying event according to the Department.

31.     Sheree complained to the City Administrator, Andy Hixon, about the FMLA leave issue. Enraged, Chief Walsh again interfered by trying to preclude the use of any additional compensatory/sick time, or otherwise attempted to preclude payment during the leave time-frame. Chief Walsh took specific action with the City Administrator and the Finance Director to achieve this goal of preventing the leave or compensation. Sheree was further pressured to withdraw the notice of FMLA leave or be penalized by Chief Walsh and/or his staff. Notwithstanding this increased pressure, Sheree did not withdraw the leave for family reasons.

32.     Collectively, Defendants have engaged in illegal discrimination against Plaintiff because of her gender.

33.     Defendants have engaged in acts of retaliation against Plaintiff following her decision to complain regarding the promotion process and subsequent treatment by superior officers.

34.     Plaintiff has been treated differently than similarly-situated employees by Defendants in the terms and conditions of her employment because of her gender.

35.     Defendant Walsh and Defendant City of Manchester- employees were at all times alleged herein acting as agents of Defendants and acting within the course and scope of their employment. The actions of the Defendants and employees as alleged above were intentional.

36.     The actions of the Defendant and Defendant's employees as alleged above were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

37.     As a direct and proximate result of the acts of Defendants as alleged herein, Sheree was not promoted, subjected to disparate and unequal treatment, and retaliation, although qualified, and will likely lose other promotional opportunities as a result in the future. Additionally, and without waiver of the foregoing, Sheree has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of professional reputation.

## Count I
## Gender Discrimination

38.     Plaintiff Sheree Waterhouse hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     The conduct of Defendants and their employees, as alleged above, affected a term, condition or privilege of the Plaintiff's employment.

40.     The disparate treatment of the Plaintiff, as practiced by Defendants and their employees, as alleged above, was of a sexually discriminatory nature, and/or discrimination based on Plaintiff's gender.

41.     The sexual/gender discrimination of Plaintiff by Defendants and their employees, as alleged above, was sufficiently pervasive and severe to create a discriminatory work environment for the Plaintiff.

42.     The conduct of Defendants and their employees, as alleged above, was engaged in while in the scope of, and during their course of, employment.

43.     Defendants were fully informed, or should have been fully informed, to have had sufficient knowledge of the material facts and circumstances relevant to the conduct of Defendants and their employees, and did nothing to prevent further acts of misconduct, acquiesced in, approved and ratified the actions of their employees, and are therefore liable for the actions of their employees.

44.     The conduct of Defendants and their employees, as alleged above, constitutes sexual/gender discrimination in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1963 and the Civil Rights Act of 1991, and in violation of 42 U.S.C. 2000-e2 (a) (1) in that such actions created disparate treatment on account of her sex, that being female.

45.     The actions of the Defendant and their employees were intentional.

46.     The actions of the Defendant and their employees, as alleged above, were intentional and demonstrated a willful, wanton, and/or reckless indifference and disregard to the rights of the Plaintiff such that punitive damages should be assessed against Defendants.

47.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic loss in the form of lost wages, lost benefits and related consequential damages; vocational and professional losses in the form of a detrimental job record, career damage, a diminished career

potential and future pecuniary losses; emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress, in the form of physical stress, embarrassment, humiliation and anxiety.

WHEREFORE, Plaintiff Sheree Waterhouse prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by granting her equitable relief to include but not necessarily be limited to promoting her to the position of Lieutenant with all privileges and emoluments of such position; awarding her damages for any and all losses or damages she has suffered, including lost wages associated with said promotion, lost promotional opportunities; awarding damages to Plaintiff for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## Count II
## Retaliation

48.     Plaintiff Sheree Waterhouse hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendants intentionally engaged in unlawful employment practices by discriminating against the Plaintiff based upon retaliation for having complained about sex/gender discrimination, that being disparate treatment, all in violation of Title VII of the Civil Rights Act of 1964 as amended, (1991), 42 U.S.C. §2000e-5(f).

50.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic loss in the form of lost wages, lost benefits and related consequential damages; vocational

and professional losses in the form of a detrimental job record, career damage, a diminished career potential and future pecuniary losses; emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress, in the form of physical stress, embarrassment, humiliation and anxiety.

51.    As a further direct and proximate result of Defendant's unlawful acts, Plaintiff is also entitled to such affirmative relief as may be appropriate including but not limited to permanent injunction, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of federal law as cited above.

52.    The discrimination described herein above against Plaintiff by Defendants was intentional, willful, wanton, malicious, and/or reckless disregard and indifference to the rights of others, thus entitling Plaintiff to exemplary or punitive damages.

WHEREFORE, Plaintiff Sheree Waterhouse prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by granting her equitable relief to include but not necessarily be limited to promoting her to the position of Lieutenant with all privileges and emoluments of such position; awarding her damages for any and all losses or damages she has suffered, including lost wages associated with said promotion, lost promotional opportunities; awarding damages to Plaintiff for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## Count III
## Violation of Plaintiff's Rights Secured by 42 U.S.C. § 1981

53.     Plaintiff Sheree Waterhouse hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54.     Defendants refused to promote Plaintiff to the position of Lieutenant based on her gender, and despite the fact that she was qualified.

55.     Plaintiff's gender was the determining factor, motivating factor, or played a part in the Defendants' decision not to promote Plaintiff.

56.     Any stated reason for not promoting Plaintiff was not the real reason, but rather a pretext to hide race discrimination.

57.     As a direct and proximate result the acts of the Defendants as alleged herein, Plaintiff was not promoted to the position of Lieutenant because of her gender, and will likely lose other promotional opportunities as a result in the future.  Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

58.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiff's statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual and official capacities to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Sheree Waterhouse prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by granting her equitable relief to include but not necessarily be limited to promoting her to the

position of Lieutenant with all privileges and emoluments of such position; awarding her damages for any and all losses or damages she has suffered including lost wages associated with said promotion, lost promotional opportunities; awarding damages to Plaintiff for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## Count IV
## Conspiracy to Violate Civil Rights

59.     Plaintiff Sheree Waterhouse hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 58 above as if fully set forth herein.

60.     Defendants, acting under color of state law, conspired together and amongst themselves and as a result reached a mutual understanding to deny Plaintiff, a female patrol supervisor, a promotion to Lieutenant based on Plaintiff's gender, and then to engage in a series of retaliatory actions and otherwise disparate treatment as a means to punish Plaintiff for complaining about the promotion denial. Additionally, and without waiver of the foregoing, Defendants conspired to undertake a course of conduct to protect each other from the consequences of their constitutional and statutory violations, which in furtherance of the conspiracy violated Plaintiff's constitutional right to equal protection under the laws and federal statutory rights to be free from sexual/gender discrimination.

In furtherance of this conspiracy, Defendants committed the following overt acts:

a.      Defendants, through Chief Walsh, attempted to discourage Plaintiff from applying for the position of Lieutenant so that Chief Walsh could direct his own personal choice(s) be selected.

b.      Defendants refused to provide Plaintiff a valid explanation for the decision not to promote her to the position of Lieutenant.

c.      Defendants did not promote Plaintiff to the position of Lieutenant because of her gender, even though she was qualified for the position.

d.      Defendants, through City Administrator, Andy Hixson, failed to take appropriate action to ensure the proper promotion process was being effected by the Department in a fair and equitable manner, failed to investigate Sheree's complaints, and otherwise assisted Chief Walsh and other employees with their efforts to manipulate the promotion process in favor of Chief Walsh's personal choices and to punish Sheree for registering complaints.

e.      When Plaintiff registered an internal grievance/complaint regarding the promotion process and the manner in which it occurred, Defendants failed to properly investigate the complaint and would not even provide Plaintiff with a response to the complaints in an effort to conceal their illegal discrimination against Plaintiff.

f.      Defendants engaged in the conduct as set forth herein to protect themselves from the consequences of their misconduct.

61.     Defendants shared the general conspiratorial objective which was to deny Plaintiff the promotion and then to punish her for complaining. Such conduct was so pervasive in the Department and Defendant City of Manchester and/or was engaged in by Department command rank officers with final policymaking authority, including Defendant Walsh and his staff, Defendant Andy Hixson, that Defendant Andy Hixson, the Department's command rank officers and officers assisting them were effectively insulated from internal sanction, and therefore, Defendants felt free

to engage in the misconduct as aforementioned without any fear of sanction or retribution.

62.     Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up thereof and/or ignoring the course of conduct set forth herein so as to insulate themselves and others from liability for the outrageous and unlawful acts of the Defendants as described herein, showing a tacit understanding to carry out the prohibited conduct.

63.     As a direct and proximate result of the conspiracy amongst the Defendants and in furtherance thereof, Plaintiff was not promoted to the position of Lieutenant because of her gender, and thereby deprived of her constitutional right to equal protection under the laws secured by the 14th Amendment to the United States Constitution and her federal statutory right to be free from illegal discrimination as secured by Title VII of the Civil Rights Acts of 1964 and 42 U.S.C. § 1981, protected by 42 U.S.C. § 1983.

64.     As a further direct and proximate result the acts of the Defendants as alleged herein, Plaintiff was not promoted to the position of Lieutenant because of her gender, and will likely lose other promotional opportunities as a result in the future.  Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

65.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiff's constitutional and federal statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual capacities.

WHEREFORE, Plaintiff Sheree Waterhouse prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by

granting her equitable relief to include but not necessarily be limited to promoting her to the position of Lieutenant with all privileges and emoluments of such position; awarding her damages for any and all losses or damages she has suffered including lost wages associated with said promotion, lost promotional opportunities; awarding damages to Plaintiff for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count V
### Failure to Train, Instruct, Supervise, Control and/or Discipline
### Cognizable Under 42 U.S.C. § 1983

66.     Plaintiff Sheree Waterhouse hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67.     While the Department purportedly has policies and procedures prohibiting discrimination and requiring employees to report discrimination, there exists within the Department policies or customs, practices and usages that were so pervasive that they constitute the policies of these Defendants, and those that caused the violation of Plaintiff's constitutional and federally statutory rights as set forth herein.

68.     Defendant Chief Walsh is the ultimate supervisory officer within the Department and his actions or refusal to act, by and with other Defendant City of Manchester employees, including Defendant City Administrator, Andy Hixon, established the policies of Defendants to foster, condone, or otherwise tolerate conduct that violates the constitutional and federal statutory

rights of employees of the Department in general and specifically the conduct described in this Complaint. Had these Defendants acted affirmatively to properly train and supervise law enforcement personnel, to include Defendant Walsh, and those under his command or control and/or to properly discipline the law enforcement personnel when they conduct themselves in ways that violate the constitutional and federal statutory rights of others, the discrimination against Plaintiff on the basis of her gender would not have occurred.

69.     In an effort to protect themselves and those other Defendant City-employees engaged in acts of illegal discrimination, Defendant Walsh disregarded Plaintiff's complaints regarding the promotion process and subsequent treatment so that his own negligent training and supervision would not be discovered. Alternatively, and without waiver of the foregoing, Defendant Walsh did so to protect himself from the consequences of his own misconduct.

70.     Similarly, Defendant City of Manchester, City Administrator Andy Hixon, and other employees, through their defined supervisory/administrative authority, served as the policy making body governing the law enforcement personnel described herein. Defendants failure to affirmatively act in the face of the transgressions described herein of which they knew or should have known, thereby established the policies of these Defendants to foster, condone and otherwise tolerate conduct that violates the constitutional and federal statutory rights of employees of the Department in general and the rights of Plaintiff as set forth in this Complaint. Alternatively, these Defendants delegated and abrogated all or part of their policymaking power. Had these Defendants affirmatively acted to properly train and/or supervise the law enforcement personnel under their control and/or to properly discipline the law enforcement personnel under their control when they conduct themselves in ways that violate the constitutional and federal statutory rights of others, the sexual/gender discrimination against Plaintiff would not have occurred.

71.     The collective actions or failures of Defendants were in violation of 42 U.S.C. §
1983.

72.     In their actions or failures as above-described, these Defendants intentionally
disregarded known facts or alternatively were deliberately indifferent to a risk of violating the federal
rights of others, of which they knew or should have known, and their culpability caused the
violation of Plaintiff's federally protected constitutional and statutory rights.

73.     As a direct and proximate result the acts of the Defendants as alleged herein,
Plaintiff was not promoted to the position of Lieutenant because of her gender, and will likely lose
other promotional opportunities as a result in the future. Additionally, and without waiver of the
foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Plaintiff
has suffered and will continue to suffer emotional pain and suffering, mental anguish,
inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional
reputation.

74.     The conduct of Defendants was recklessly and callously indifferent to the federally
established rights of Plaintiff, malicious and wanton with respect to those rights, and an award of
punitive damages is warranted and necessary to punish these Defendants and to deter them and
others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Sheree Waterhouse prays this Court enter judgment in her
favor and against the Defendants and thereafter order Defendants to make her whole by
granting her equitable relief to include but not necessarily be limited to promoting her to the
position of Lieutenant with all privileges and emoluments of such position; awarding her damages
for any and all losses or damages she has suffered including lost wages associated with said
promotion, lost promotional opportunities; awarding damages to Plaintiff for her emotional injuries,
including but not limited to emotional pain and suffering, mental anguish, inconvenience,

humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation;

awarding Plaintiff punitive damages against the individual Defendants in their individual and official

capacities in such sum as this Court believes will serve to punish them and to deter them and

others from like conduct; awarding Plaintiff the costs of this action, together with her

reasonable attorneys' fees; and granting such other and further relief as may appear to the Court

to be equitable and just under the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JOHN M. LYNCH, LLC.


E/S JOHN M. LYNCH
John M. Lynch, 56604MO
7777 Bonhomme Avenue, Suite 1200
Clayton, MO 63105
(314) 726-9999 telephone
(314) 726-9199 facsimile
jlynch@lynchlawonline.com

**Attorneys for Plaintiff**

STATE OF MISSOURI       )
                              ) SS
COUNTY OF ST. LOUIS    )

I, SHEREE WATERHOUSE, of lawful age, being first duly sworn upon my oath, state that I am the Plaintiff named above; and that the facts stated in my Complaint herein are true and accurate to the best of my knowledge, information and belief, and that I executed said Answer of my own free act and deed.

*Sheree Waterhouse*

**Sheree Waterhouse**, Plaintiff

Subscribed and sworn to before me this 6th day of March, 2017, a Notary Public in and for said state and personally appeared **Sheree Waterhouse**, known to me to be the person who executed the Complaint, and acknowledged to me that she executed the same for the purposes therein stated; that she executed the same as her free act and deed and stated that the facts contained therein are true and correct to the best of her knowledge, information and belief.

My term expires:

```
JESSICA OLSEN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires November 05, 2017
Commission Number: 13544174
```

*Jessica Olsen*

Notary Public

### Certificate of Service

I, the undersigned, hereby certify that a copy of the foregoing was mailed postage pre-paid to: Patrick Gun, Attorney for Defendants, 11901 Olive Boulevard, First Bank Bldg, Suite 312, PO Box 419002, St. Louis, MO 63141, on this 7th Day of March, 2017.

E/S/ JOHN M. LYNCH